**NOT FOR PUBLICATION**

FILED

AUG 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAJENDRA SHERCHAN, | No. 11-73254 |
| Petitioner, | Agency No. A089-302-298 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted, Submission Deferred February 12, 2015**
Resubmitted August 13, 2018
San Francisco, California

Before: PAEZ and BERZON, Circuit Judges, and MORRIS,*** District Judge.

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

&ast;&ast;&ast; The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

Rajendra Sherchan, a citizen of Nepal, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his application for withholding of removal.[1] Specifically, Sherchan challenges the BIA's conclusion, relying on an earlier immigration judge ("IJ") finding, that Sherchan's claims of past persecution were not credible.

Where, as here, the BIA largely adopts the reasoning of the IJ in "simple statement[s] of conclusion," *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir. 2000), we review both decisions and use the IJ's reasoning as "a guide to what lay behind the BIA's conclusion," *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Avetova-Elisseva*, 213 F.3d at 1197). We review the factual findings underlying the decisions — in this case, the adverse credibility determinations — for substantial evidence. *Angov v. Lynch*, 788 F.3d 893, 898 (9th Cir. 2013).

Substantial evidence supports the adverse credibility determination in this case. As the BIA and IJ noted, Sherchan gave conflicting accounts of where an attack took place and how he knew his alleged attackers' identities. He was given

---

[1] In his opening (and only) brief, Sherchan does not challenge the denial of his asylum application as time-barred or the determination that he is not entitled to protection under the Convention Against Torture. We therefore address only his claim for withholding of removal.

an appropriate opportunity to explain these discrepancies, *see Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006), *overruled on other grounds by Maldonado v. Lynch*, 786 F.3d 1155 (9th Cir. 2015) (en banc), and could not. Sherchan also testified inconsistently about who reported the most serious attack to the police — whether he did, as he first said; or his father, as he later said; or his wife, whose name was on the police report.

The BIA and IJ also reasonably found that letters arguably corroborating Sherchan's account were not credible evidence. Sherchan testified that the letters were provided by various organizations to "condemn" the attacks against him. But when given the opportunity, Sherchan could not explain why these organizations would furnish him with private "condemnation" letters not meant for wider publication. Sherchan testified that a friend provided him with one such letter before he came to the United States in 2007; that letter, though, was dated in 2009, a discrepancy Sherchan could not explain when asked.

The inconsistencies identified by the BIA and IJ represent "specific, cogent reason[s]" for arriving at an adverse credibility finding, *de Leon-Barrios v. INS*, 116 F.3d 391, 394 (9th Cir. 1997); *see also* 8 U.S.C. §§ 1231(b)(3)(C), 1158(b)(1)(B)(iii). Those reasons are bolstered by the IJ's observation that Sherchan gave "halting" or "recited" answers, and was at times unresponsive to

3

questions or unable to explain his answers in detail. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In the absence of any credible evidence of past persecution, the BIA and IJ reasonably concluded that Sherchan had not met his burden to prove, by a preponderance of the evidence, that his "life or freedom would be threatened" in Nepal on account of a protected ground. 8 C.F.R. § 208.16(b); *see also Pagayon v. Holder*, 675 F.3d 1182, 1190 (9th Cir. 2011).

The petition for review is **DENIED.**